## Maret v. Sanders.

(Decided June 6, 1911.)

### Appeal from Garrard Circuit Court.

Contracts—Action to Compel Compliance—Evidence—In an action to compel compliance with a contract to convey land, the evidence examined and held that while the evidence was conflicting, it is such that the court is unwilling to disturb the finding of the chancellor directing the conveyance to be made in accordance with the contract to convey.

WM. HERNDON for appellant.

LEWIS L. WALKER and C. B. SWINEBOARD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The parties to this action entered into the following contract:

"This contract by and between Sallie A. Maret, formerly Leavell, first party, and A. F. Sanders, second party, Witnesseth: That said Maret, of Bryantsville, Ky., has sold to said Sanders, of Lancaster, Kentucky, at the price of $35 per acre to be surveyed by Maret, two tracts of land in Garrard County, Ky., one tract containing 164 acres, 3 roods, 33 poles, being the same conveyed to first party from H. A. Lung and wife of record in the clerk's office of the Garrard County Court in Deed Book 21, page 97, and the second tract contains about forty acres, being the same land conveyed to me by Richard Walter of record in said office in Deed Book 14, page 393, and reference is made to said deeds for more specific description. Possession to be given January 1, 1909, when a general warranty deed is to be executed and the purchase price paid. Tobacco sticks on the farm and straw stacks go to said Sanders and he is to pay the taxes for 1909.

"Signed in duplicate, this November 9, 1908."

A day or two before January 1, 1909, appellee was having appellant's title to the land investigated by counsel, but did not complete the task by that date so he asked a few days time within which to complete the investigation and appellant granted it. On January 8, they met in the office of counsel in the town of Lancaster, and it was claimed by appellee and his counsel at this meeting that appellant's title to the forty acres was defective. Appellant bought this forty acres of land from one Walter who purchased it at a tax sale made by a sheriff. It was a part of the Alford land, and one Alford was in possession of it at the time appellant purchased it. She gave him $10 to leave the premises and give her possession and she has had actual possession of it ever since. It was ascertained that her possession of the forty acres would not be of fifteen years duration until the 20th day of the following March.

Appellee contends that it was then suggested by appellant that matters remain quiet until that time when her title would be perfected to the forty acres by actual, adverse possession of it for more than fifteen years, and he agreed to this. Appellant disputes this and claims that there was no agreement on January 8th or at any other time for an extension of the time within which to carry out the contract. It is agreed that after this conversation in the attorney's office, counsel for appellant tendered a deed to counsel for appellee in the courthouse yard and counsel for appellee tendered to him the cash for the land, but appellee refused to accept the deed for the reason stated. Appellant claims that this ended the transaction. Appellee contends that this was in compliance with the previous agreement, and was for the purpose of showing an effort by the parties in good faith to comply with the contract, and that it was understood at the time of this tender that it was only a matter of form and both parties understood that the trade would not be completed; that they would wait for the perfection of appellant's title by adverse possession and then fulfill the contract. Thus matters stood until March 11, 1909, when appellee was informed that appellant was claiming that she had offered to comply with her contract and appellee had refused and that she was not going to make him a deed to the land at any time; that the trade was ended. Upon learning of these claims of appellant, appellee directed a note to her which is as follows:

"To Mrs. Sallie A. Maret: I herby tender you the sum of seven thousand one hundred and twenty dollars, which is the full purchase price, with interest to this date, for the farm I purchased from you under my contract of the 9th day of November, 1908, which farm is in Garrard County, Kentucky, and I demand a general warranty deed from you for said land and on the delivery of said deed I hereby tender you this sum and will deliver same to you if you will deliver me the deed. In order to avoid litigation I am willing to accept a general warranty deed from you for said land notwithstanding the defect in the record title to a part of said land. If you will deliver this deed asked for during banking hours any time today or tomorrow I will deliver to you this money. The delivery of the deed to be made me in Lancaster or at such place as you may designate."

Appellant declined this proposition and appellee instituted this action to enforce compliance with the contract or for $2,025 damages for her failure to comply. Pleadings were filed which made up the issues above stated. During the pendency of the action, appellee dismissed his claim for damages. Upon the hearing the court adjudged that appellant comply with her part of the contract by conveying the land by general warranty deed to appellee within twenty days, and if she should fail to do so, appellee should deposit the purchase money in court and the commissioner was ordered to make the deed. Appellant failed to make the deed and the commissioner made it as ordered. It will be noticed that this action was instituted three days before March 20th, the time fixed in the alleged agreement of January 8th, and appellant claims that if the agreement was made, as stated, appellee had no right to institute this action before the expiration of that time. This would be true, if appellant had lived up to that agreement, but it is shown without contradiction, that she, before the filing of this action, asserted that she would not convey the property to appellee under any circumstances or at any time. The note directed to appellant by appellee informed her, in effect, that appellee would accept the deed tendered on January 8th; that he was willing to accept it, as the day upon which her title would ripen by adverse possession was near and he was willing to take the chance of securing a good title. Appellant is not in a position to take advantage of the agreement of January 8th, as she made it known that she would not abide by it. If the contract to delay the matter until March 20th was made January 8th, the parties seem to have conceded that the tax title to Walter was defective and appellee had a good reason for refusing to accept the deed of appellant; so the question is entirely one of fact. Upon this question there are two witnesses on each side, all of whom seem to be entitled to credit. The contradictions seem to be a matter of failure of recollection.

Besides the lower court's opinion to which we must give some credit, there is one other fact in favor of appellee. It is agreed that this conversation and alleged agreement was made in one of the attorney's offices, and it was understood at the time that this formal tender of the deed and money should be made by the attorneys; that is, the one made in the courthouse yard.

If, as alleged by appellant, no such agreement was made and the transaction was ended, why this agreement of a formal tender after their separation? It rather corroborates appellee in the fact that there was something to be done in the future.

We are unwilling to disturb the finding of the chancellor, and the judgment is affirmed.